COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS                                           MIDDLESEX SUPERIOR COURT
                                                        CIVIL ACTION NO: 04-1525

SPINIELLO COMPANIES,        )
                Plaintiff,  )
                            )
v.                          )
                            )
BRICO INDUSTRIES, INC. and  )
VICTAULIC COMPANY OF AMERICA, )
                Defendants. )

**ANSWER AND JURY CLAIM OF THE DEFENDANT, BRICO INDUSTRIES, INC, TO PLAINTIFF'S COMPLAINT**

Defendant, Brico Industries, Inc. ("Brico") respond to the plaintiff's Complaint paragraph by paragraph as follows:

### PARTIES

1. Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Denied.

3. Admitted, however, Brico denies that Victaulic is a proper party to this suit.

### JURISDICTION AND VENUE

4. The allegations set forth in Paragraph 4 call for a legal conclusion, and therefore no response is required.

5. The allegations set forth in Paragraph 5 call for a legal conclusion, and therefore no response is required.

927456v1

## FACTS

6. Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Brico admits that it had conversations with Spiniello regarding the requirements and specifications for the internal pipe-joint seals on the Project. Brico denies the remaining allegations contained in Paragraph 9.

10. Denied.

11. Denied.

12. Brico admits that it visited Spiniello's offices to review the specifications and discussed providing the internal pipe-joint seals for the Project and demonstrated their products' ability to meet the requirements as relayed to them. Brico denies the remaining allegations contained in Paragraph 12.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Admitted.

18. Brico admits that it manufactured and delivered a portion of the seals to the project. Brico denies all remaining allegations

19. Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20. Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. Brico admits that a representative was at the Project site on July 24, 2000, but denies the remaining allegations contained in Paragraph 21.

22. Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first clause of Paragraph 22. Brico denies the remaining allegations contained in Paragraph 22.

23. Brico admits that it spoke with Spiniello regarding the seals, which resulted in Brico sending a representative to look at the seals on August 7 and 8, 2000. Brico denies the remaining allegations contained in Paragraph 23.

24. Denied.

25. Denied.

26. Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27. Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Admitted.

34. Denied.

35. Denied.

36. Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

### COUNT I- Breach of Contract

41. Brico repeats and realleges its responses to Paragraphs 1 through 40 as if set forth in full herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

WHEREFORE, Brico denies that the plaintiff is entitled to relief in any amount.

### COUNT II- Negligent Misrepresentation

47. Brico repeats and realleges its responses to Paragraphs 1 through 46 as if set forth in full herein.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

WHEREFORE, Brico and Victaulic deny that the plaintiff is entitled to relief in any amount.

## COUNT III- Negligent Design

52. Brico repeats and realleges its responses to Paragraphs 1 through 51 as if set forth in full herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

WHEREFORE, Brico denies that the plaintiff is entitled to relief in any amount.

## COUNT IV- Breach of Express and Implied Warranties

57. Brico repeats and realleges its responses to Paragraphs 1 through 56 as if set forth in full herein.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

WHEREFORE, Brico denies that the plaintiff is entitled to relief in any amount.

### COUNT IV- Mass. Gen. Laws. ch. 93A

64. Brico repeats and realleges its responses to Paragraphs 1 through 63 as if set forth in full herein.

65. The allegations set forth in Paragraph 65 call for a legal conclusion, and therefore no response is required. To the extent a response is required, Brico denies such allegations.

66. Denied.

WHEREFORE, Brico denies that the plaintiff is entitled to relief in any amount.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Brico denies each allegation of plaintiff's Complaint except as specifically admitted above.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico states that the plaintiff is barred from relief by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico states that the plaintiff's claims are barred because it failed to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico states that there was no contractual relationship between it and the plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico states that if there is a contract, which it denies, the plaintiff's claims are barred due to its own contract breaches.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico states that the plaintiff's claims are barred on the basis that any damages, which the plaintiff alleges, resulted from acts and omissions of third parties over which Brico had no control.

### EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred, or any damages must be reduced, on account of contributory negligence.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred by failure of consideration.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred by laches.

### ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred by the statute of frauds.

### TWELFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred by any applicable statutes of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred by the statute of repose.

### FOURTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred by the principles of waiver and estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, if the plaintiffs have sustained damages, those damages were the result of conduct of entities of individuals over whom Brico had no control and for which Brico is not responsible.

### SIXTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff is barred due to the economic loss rule.

### SEVENTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico acted in good faith with respect to its actions, and, therefore, is entitled to immunity from the claims asserted in this action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico exercised due care at all times, therefore, the plaintiff cannot show that Brico was negligent, in any respect.

### NINETEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, any damages suffered by the plaintiff are the result of its own acts and conduct.

### TWENTIETH AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff's recovery is subject to any applicable contractual limitation of liability.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff's recovery is limited by the Uniform Commercial Code and Mass. Gen. Laws. ch. 106.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff has misnamed the defendant, Brico.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The defendant reserves the right to add such other and further defenses as become apparent in the course of discovery.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted in that the plaintiff is not entitled to recovery under G.L. c. 93A.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico says that the plaintiff is not entitled to any recovery under G.L., c. 93A for the reason that the transactions and actions did not occur primarily and substantially within the Commonwealth.

## JURY CLAIM

THE DEFENDANT, BRICO INDUSTRIES, INC., DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.

Respectfully Submitted By,

Counsel for Defendant,
BRICO INDUSTRIES, INC.

*[signature: Thomas C. Federico]*

Thomas C. Federico, BBO #160830
Grace V. Bacon, BBO #640970
**Morrison, Mahoney & Miller, LLP**
250 Summer Street
Boston, MA  02210
Tel. (617) 439-7500

## CERTIFICATE OF SERVICE

I, Thomas C. Federico, hereby certify that on 28 May 2004, I served a true copy of the following document:

*Answer and Jury Claim of the Defendant, Brico Industries, Inc., to Plaintiff's Complaint.*

in compliance with the Massachusetts Rules of Civil Procedure upon the following counsel of record, by mailing a copy of same by first class mail:

Charles E. Schaub, Jr., Esq.
Hinckley, Allen & Snyder, LLP
28 State Street
Boston, MA 02109

_____
Thomas C. Federico