MICV2004-01525

SPINIELLO COMPANIES

V.

BRICO INDUSTRIES, INC

****REMOVED TO US DISTRICT COURT****

**Commonwealth of Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**CAMBRIDGE**

MICV2004-01525

I, Karen O'Connor, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 9th of April, in the year of our Lord, Two Thousand Four



In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 3rd of September, in the year of our Lord, Two Thousand Four

_____
Deputy Assistant Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO:

| | |
|---|---|
| SPINIELLO COMPANIES,<br>Plaintiff, | )<br>) |
| v. | )<br>) |
| BRICO INDUSTRIES, INC.<br>Defendant. | )<br>)<br>)<br>) |

**04  11933 NMG**

## NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

### A.    INTRODUCTION

Pursuant to 28 U.S.C. § 1446(a), defendant Brico Industries, Inc. hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(a) and states the following grounds for removal:

1.    April 9, 2004, an action styled and captioned as above and assigned Civil Action No. 04-1525 was filed against the defendant and a second defendant, Victaulic Company of America in the Middlesex Superior Court. Copies of the Summons and Complaint are attached as Exhibit "A."

2.    In this action, Spiniello Companies asserted claims against Brico Industries, Inc. for breach of contract, negligent design, negligent misrepresentation, breach of express and implied warranties and violation of Mass. Gen. Laws ch. 93A.

927402v1

3.    Plaintiff served the Summons, Complaint, Civil Action Cover Sheet and Tracking Order upon the Brico Industries, Inc on or about April 21, 2004.

4.    On June 1, 2004, Brico Industries, Inc. filed its Answer and Jury Claim to the plaintiff's Complaint. See Answer attached as Exhibit "B."

5.    On June 2, 2004, Victaulic Company of America filed a Motion to Dismiss pursuant to Mass. R. Civ. P. 12(b)(6).

4.    On August 30, 2004, the plaintiff and Victaulic Company of America filed a Stipulation of Dismissal with respect to the claims against Victaulic Company of America. See Stipulation of Dismissal attached as Exhibit "C."

4.    The Summons, Complaint, Civil Action Cover Sheet, Tracking Order, constitute all process, pleadings and orders served on the removing defendant to date in this action.

**B.    GROUNDS FOR REMOVAL**

1.    As originally filed in the state court, this action was not removable because complete diversity did not exists.  The parties are described as follows:

a.    Defendant Brico Industries, Inc. was a Georgia corporation.  Such entity is now called Victaulic Depend-O-Lok, Inc. with its principal place of business in Doraville, Georgia.

b.    Defendant Victaulic Company of America is a New Jersey corporation with its principal place of business in Easton, Pennsylvania.

c.    Plaintiff, Spiniello Companies, based on its Complaint, is a California Corporation with its principal place of business in Fairfield, New Jersey.

2.   Now, based on the dismissal of Victaulic Company of America, jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1441 because this action could originally have been filed in this Court pursuant to 28 U.S.C. § 1332(a)(1) on the basis that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.

3.   This Notice of Removal of the case to the United States District Court is filed by the removing defendant within 30 days after receipt by the defendant of a copy of a motion or other paper, namely, the Stipulation of Dismissal with respect to Victaulic Company of America, "from which it may first be ascertained that the case is one which is or has become removable" pursuant to 28 U.S.C. § 1446(b).  Additionally, this case was initially commenced less than one year from this time as required by 28 U.S.C. § 1446(b).  Accordingly, this removal petition is filed in a timely manner pursuant to the provisions of 28 U.S.C. § 1446(b).  The removing defendant has provided written notice as required by 28 U.S.C. § 1446(d) to the adverse party and clerk of the state court in which this case was initially filed.

## C.   **AMOUNT IN CONTROVERSY EXCEEDS $75,000**

Based on the claims asserted in the Complaint and as filed by the plaintiff in the Civil Action Cover Sheet, the amount in controversy exceeds $75,000.

## D.   **VENUE ALLEGATIONS**

Pursuant to 28 U.S.C. § 106 and § 1446(a) and (b), the state court action which was commenced in the Middlesex Superior Court, may be removed to this Federal District Court which embraces Middlesex County.

WHEREFORE, the removing defendant requests that the action pending in Middlesex County, be removed therefrom to this Court and proceed as an action properly removed to this Court.

Respectfully Submitted By,

Counsel for Defendants,
BRICO INDUSTRIES, INC.

Thomas C. Federico, BBO #160830
Grace V. Bacon, BBO #640970
**Morrison Mahoney LLP**
250 Summer Street
Boston, MA 02210
Tel. (617) 439-7500

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 9/2/04 .

927402v1

4

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT
CIVIL ACTION NO.

**04-1525**

| | |
|---|---|
| SPINIELLO COMPANIES | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BRICO INDUSTRIES INC., AND | ) |
| VICTAULIC COMPANY OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR ...

APR 09 2004

_Clnty_............
CLERK

04/09/04 14:55#0000 5787 CLERK A
CIVIL          240
SURCHARGE    15.
CC            20.
041525 #
SUBTTL      275.
TOTAL 275.0
CHECK       275.0

## INTRODUCTION

Plaintiff Spiniello Companies brings this action against Defendants Brico Industries Inc.

and Victaulic Company of America as a result of the defendants' breach of contract, negligent

design, negligent misrepresentation of its product, breach of express and implied warranties and

violation of M.G.L. c. 93A.

## PARTIES

1. Plaintiff, Spiniello Companies ("Spiniello") is a California Corporation, registered to do

    business in the Commonwealth of Massachusetts, with a principal place of business at 12

    E. Daniel Road, Fairfield, NJ and a registered agent in Massachusetts c/o National

    Corporate Research, 18 Tremont Street, Suite 146, Boston, MA.

2. Upon Information and belief, Defendant Brico Industries Inc. is a division of the

    Victaulic Company of America with a principal place of business at P.O. Box 48776,

    Atlanta, GA.

3. Upon Information and belief, Defendant Victaulic Company of America ("Victaulic") is a New Jersey Corporation registered to do business in Massachusetts, with a principal place of business at P.O. Box 31, 4901 Kesslersville Road, Easton, PA and a registered agent in Massachusetts c/o U.S. Corporation Company, 84 State Street, Boston, MA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to M.G.L. c. 223A, § 3(a), because each of the defendants is transacting business within the Commonwealth of Massachusetts.

5. Venue is proper because the construction project at which all materials and supplies were delivered is in Middlesex County.

## FACTS

6. On or about March 1, 2000, Spiniello entered into a contract numbered #6820, with the Massachusetts Water Resources Authority ("MWRA") for the rehabilitation of the Weston Aqueduct Supply Mains 1 and 2 (the "Project").

7. Spiniello's work on the Project involved cleaning and lining of water pipes, which included the provision of internal pipe-joint seals on the interior joints of the forty-eight and sixty inch water main pipes.

8. The Project specifications listed three potential suppliers for the internal pipe-joint seals, one of which was Brico.

9. Brico contacted Spiniello regarding the supply of the internal pipe-joint seals and on numerous occasions, prior to and after Spiniello's submittal of its bid to the MWRA, discussed the requirements and specifications for the internal pipe-joint seals on the

Project, to which Brico represented that its seals would perform in accordance with the requirements and specifications for the Project.

10. Prior to Spiniello's bid submittal, Brico represented that it had worked closely with the MWRA and the Project engineer and was intimately familiar with their needs and the Project's needs and that its product was the favored internal pipe-joint seal and would meet all of the Project requirements.

11. Spiniello relied upon Brico's representations and incorporated the costs for Brico's products in its Bid to the MWRA for the Project.

12. Brico's representatives visited Spiniello's offices to review the specifications and discuss providing the internal pipe-joint seals for the Project and demonstrated their products' ability to meet the requirements of the specifications and that it would work in all pipes at the Project.

13. In reliance on Brico's representations, on or about March 7, 2000, Spiniello submitted a preliminary purchase order to Brico for internal pipe-joint seals on the Project on the condition that the purchase was subject to the Project engineer's approval.

14. Brico accepted and returned Spiniello's proposed purchase order on or about April 28, 2000, subject to the condition regarding engineer approval.

15. In reliance on Brico's representations, Spiniello selected the Type II Inner Seals (the "Seals") manufactured by Brico for use on the Project and submitted its selection and shop drawings to the Project Engineer, which approved the Brico Seals on or about May 10, 2000.

16. Based upon Brico's representations regarding its product and the engineer's approval, on or about June 20, 2000, Spiniello, through its installation subcontractor, ODF Contracting

Co., Inc. ("ODF"), entered into the confirmatory and final purchase agreement with Brico for the Type II Inner Seals (the "Contract").

17. The Contract required Brico to supply 2000 Seals for a forty-eight inch diameter pipe and 1060 Seals for sixty inch diameter pipe for a total price of $808,220.00.

18. Pursuant to the Contract, Brico manufactured and delivered a portion of the Seals to the Project

19. On or about July 24, 2000, Spiniello and ODF began the installation of the Brico Seals in accordance with Brico's installation procedures on the sixty inch pipes at the Project.

20. The installation of Seals on the sixty inch pipes was required by the MWRA to be completed on or before October 3, 2000.

21. Brico provided a representative at the Project site on July 24, 2000 to supervise and assist Spiniello and ODF with the initial installation of Brico Seals.

22. During the course of the sixty inch pipe Seal installation, Spiniello and ODF experienced problems with Brico's Seals; numerous seals failed the required pressure testing.

23. On or about July 27, 2000, Spiniello contacted Brico regarding the Seal failures, to which Brico responded and sent a representative to inspect the Seal failures on August 7 and 8, 2000.

24. Brico's representative inspected the Seals and installation thereof and concluded that only 104 of the 160 Seals installed passed inspection and that the majority of the Seals failed due to manufacturing defects and Brico's failure to properly design, specify and provide Seals that can meet the Project requirements.

25. As a result of the failed Seals, Spiniello incurred extra costs in the examination, testing, removal and reinstallation and relining of the pipes with failed Seals.

26. On or about August 8, 2000, Spiniello hired a third-party consultant to review the Seals and their installation, thus incurring further expenses and damages as a result of the failure of Brico's Seals.

27. Spiniello's consultant concluded that the Seals failed to due both manufacturing defects and the fact that Brico's seal failed to comply with the specifications and Project needs.

28. It was discovered that a portion of the sixty inch pipes contained beveled ends and the Brico Seals failed to provide the required sealing properties.

29. On or about August 23, 2000, Spiniello's consultant performed a comparison test with a representative from Brico of the Brico Seal with a competitor's specified product on a sixty inch pipe with a beveled end. The Brico Seal filed while the competitors' seal successfully passed the required testing.

30. On or about August 25, 2000, Brico advised Spiniello that it would revise the Seals' design to correct design and manufacturing deficiencies in order to meet its representations, promises and contractual obligations and fully comply with the specification and Project requirements.

31. On or about September 8, 2000 Brico's representatives delivered the redesigned and modified Seals to the Project and installed the modified Seals on the sixty inch pipe. Brico's revised Seal failed to pass the required testing and Brico's representatives concluded that its product could not meet the requirements for the Project.

32. On or about September 11, 2000, Spiniello advised Brico of a preliminary cost impact and damages report resulting from the Brico Seal failure.

33. On or about September 15, 2000 Spiniello and Brico agreed to a limited cancellation of the purchase order for the sixty inch pipe Seals.

34. On or about October 25, 2000, Brico advised Spiniello that the Brico Seals installed in the sixty inch pipes at the Project required additional work to avoid potential failure of the Brico seals at increased cost and damage to Spiniello.

35. As a result of the Brico Seals' failure, Spiniello's work on the Project was substantially delayed and Spiniello did not complete the sixty inch pipe portion of the Project using a competitor's specified product until April 13, 2001, over 192 calendar days late.

36. In order to recover the delayed schedule, and avoid even further delays, Spiniello was required to perform construction on the Project during the winter months.

37. The City of Newton required Spiniello to provide salt, sand and plowing services on the roads affected by the Project as a condition to permitting the winter work, resulting in Spiniello incurring further expenses and damages as a result of the Brico Seal failure.

38. As a result of the Brico Seal failures and the delays to the completion of the sixty inch pipe portion of the Project, Spiniello suffered further disruption and delay to its work, having to revise and redesign the dechlorination testing of the Project.

39. The delays resulting from the Brico Seal failures impacted Spiniello's follow-on work to the forty-eight inch pipe, which had to be accelerated at increased cost and damage in order to avoid construction continuing into the winter months of 2001.

40. The failure of Brico's Seals to meet the requirements and specifications for the Project and have resulted in delays, damages and increased costs to Spiniello in excess of $4,950,000.00.

## COUNT I – Breach of Contract

41. Plaintiff repeats and realleges the allegations in paragraphs 1-40 above as if fully set forth herein.

42. Brico and Spiniello's agreed and contracted for the provision by Brico of Seals that met the requirements of the Project specifications.

43. Brico has failed to provide Seals as agreed upon in the parties' contract.

44. Brico has, in fact, delivered faulty and damaged goods to Spiniello in breach of the parties' agreement.

45. Spiniello has complied with all contractual requirements and fulfilled its obligations to Brico.

46. Spiniello has suffered damages in the investigation, monitoring, replacement and repair of the internal pipe-joints as well as significant lost revenue and delay damages.

WHEREFORE, Spiniello demands judgment against Brico and Victaulic in the amount of all damages suffered together with interest, costs, and attorney's fees.

## COUNT II – Negligent Misrepresentation

47. Plaintiff repeats and realleges the allegations in paragraphs 1-46 above as if fully set forth herein.

48. Spiniello's decision to utilize Brico's product was a direct result of and was induced by Brico's representation regarding its Seals' ability to meet the needs, requirements and specifications of the Project and that it had worked closely with the MWRA and its consultants who would monitor the construction.

49. Brico's Seals, in fact, do not meet the requirements of the Project specifications and needs despite its representations to Spiniello.

50. Brico's representations regarding its product and its ability to meet the Project specifications needs caused loss and damage to Spiniello.

#480265                                    7

51. Spiniello has suffered damages in the investigation, monitoring, replacement and repair of the internal pipe-joint seals as well as significant lost revenue and delay damages.

WHEREFORE, Spiniello demands judgment against Brico and Victaulic in the amount of all damages suffered together with interest, costs, and attorney's fees.

### COUNT III – Negligent Design

52. Plaintiff repeats and realleges the allegations in paragraphs 1-51 above as if fully set forth herein.

53. Brico failed to use the necessary care in designing and engineering its product and failed to adhere to the known requirements and Project specifications for the product.

54. Brico's Seals fail to comply with their intended use and ability to meet the Project specifications.

55. Brico has acknowledged that its design is defective and that it has provided Spiniello with Seals that cannot meet the Project specifications.

56. As a result of Brico's defective design, Spiniello has suffered damages in the investigation, monitoring, replacement and repair of the internal pipe-joint seals as well as significant lost revenue and delay damages.

WHEREFORE, Spiniello demands judgment against Brico and Victaulic in the amount of all damages suffered together with interest, costs, and attorney's fees.

### COUNT IV – Breach of Express and Implied Warranties

57. Plaintiff repeats and realleges the allegations in paragraphs 1-56 above as if fully set forth herein.

#480265                                     8

in connection with Spiniello's promise to utilize and subsequent acquisition of the Brico

Seals, Brico represented and warranted that its product would meet the needs of the

Project and specifications.

59. Brico's Seals were designed, manufactured and intended to meet the needs of the Project

specifications.

60. Brico's product fails to provide the required internal seal in the pipes and has failed the

requisite testing with regard to same.

61. Brico has breached the express and implied warranties in connection with the provision

of its Seals.

62. Brico's failure to provide Seals that meet the Project specifications has and will continue

to cause Spiniello loss and damage.

63. Spiniello has suffered damages in the investigation, monitoring, replacement and repair

of the internal pipe-joint seals as well as significant lost revenue and delay damages.

WHEREFORE, Spiniello demands judgment against Brico and Victaulic in the amount of all

damages suffered together with interest, costs, and attorney's fees.

## COUNT V – M.G.L. ch. 93A

64. Plaintiff repeats and realleges the allegations in paragraphs 1-63 above as if fully set forth

herein.

65. At all times relevant to this Complaint, Spiniello, Brico and Victaulic were involved in

trade and commerce within the Commonwealth of Massachusetts.

66. Brico's inducement of Spiniello to contract with it and its provision of defective seals

under that contract constitute an unfair and deceptive act and practice as prohibited by

M.G.L. c. 93A.

THEREFORE, Spiniello demands judgment against Brico and Victaulic in the amount of all damages it has suffered as a result of Brico and Victaulic's unfair and deceptive acts and practices as well as multiple damages; that Spiniello be awarded its attorney's fees, costs and interest together with such other relief as is just and equitable.


Dated: April 9, 2004                              Plaintiff:

                                                 **SPINIELLO COMPANIES**

                                                 By its attorneys:


                                                 Charles E. Schaub, Jr. (BBO# 444920)
                                                 Jeremy Blackowicz (BBO# 650945)
                                                 Hinckley, Allen & Snyder, LLP
                                                 28 State Street
                                                 Boston, MA 02109
                                                 (617) 345-9000

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ................. , ss                                            SUPERIOR COURT
[seal]                                                                     DEPARTMENT
                                                                           OF THE
                                                                           TRIAL COURT
                                                                           CIVIL ACTION
            Spiniello Companies                              No.   04-1525F

........................................................ , Plaintiff(s)

v.

Brico Industries Inc. and
Victaulic Company of America ........... , Defendant(s)

### SUMMONS

                              BRICO INDUSTRIES INC., DIV. OF VICTAULIC COMPANY OF
To the above-named Defendant:  AMERICA; P.O. Box 48776, Atlanta, GA
                              JEREMY BLACKOWICZ, ESQ., OF
You are hereby summoned and required to serve upon .................................................

HINCKLEY, ALLEN & SNYDER LLP , plaintiff's attorney, whose address is .. 28 STATE STREET

BOSTON, MASSACHUSETTS  02109 ....................................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .......................................

CAMBRIDGE, MASSACHUSETTS
.................................................................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at  BOSTON ...............................................................

the  FOURTEENTH ................................................... day of ...... APRIL,

.......... , in the year of our Lord . 2004 ...............................

*Edward J. Sullivan*
                                                                                        Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS
                                    MIDDLESEX SUPERIOR COURT
                                    CIVIL ACTION NO: 04-1525

|  |  |
|---|---|
| SPINIELLO COMPANIES,<br>Plaintiff, | )<br>)<br>) |
|  | ) |
| v. | )<br>) |
|  | ) |
| BRICO INDUSTRIES, INC. and<br>VICTAULIC COMPANY OF AMERICA,<br>Defendants. | )<br>)<br>)<br>) |
|  | ) |

## ANSWER AND JURY CLAIM OF THE DEFENDANT, BRICO INDUSTRIES, INC, TO PLAINTIFF'S COMPLAINT

Defendant, Brico Industries, Inc. ("Brico") respond to the plaintiff's Complaint paragraph by paragraph as follows:

### PARTIES

1.     Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.     Denied.

3.     Admitted, however, Brico denies that Victaulic is a proper party to this suit.

### JURISDICTION AND VENUE

4.     The allegations set forth in Paragraph 4 call for a legal conclusion, and therefore no response is required.

5.     The allegations set forth in Paragraph 5 call for a legal conclusion, and therefore no response is required.

927456v1

## FACTS

6.      Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.      Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8.      Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9.      Brico admits that it had conversations with Spiniello regarding the requirements and specifications for the internal pipe-joint seals on the Project. Brico denies the remaining allegations contained in Paragraph 9.

10.     Denied.

11.     Denied.

12.     Brico admits that it visited Spiniello's offices to review the specifications and discussed providing the internal pipe-joint seals for the Project and demonstrated their products' ability to meet the requirements as relayed to them. Brico denies the remaining allegations contained in Paragraph 12.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Admitted.

18.     Brico admits that it manufactured and delivered a portion of the seals to the project. Brico denies all remaining allegations

927456v1

19.    Brico is without knowledge or information sufficient to form a belief as to the truth of the
allegations contained in Paragraph 19.

20.    Brico is without knowledge or information sufficient to form a belief as to the truth of the
allegations contained in Paragraph 20.

21.    Brico admits that a representative was at the Project site on July 24, 2000, but denies the
remaining allegations contained in Paragraph 21.

22.    Brico is without knowledge or information sufficient to form a belief as to the truth of the
allegations contained in the first clause of Paragraph 22.    Brico denies the remaining
allegations contained in Paragraph 22.

23.    Brico admits that it spoke with Spiniello regarding the seals, which resulted in Brico
sending a representative to look at the seals on August 7 and 8, 2000.    Brico denies the
remaining allegations contained in Paragraph 23.

24.    Denied.

25.    Denied.

26.    Brico is without knowledge or information sufficient to form a belief as to the truth of the
allegations contained in Paragraph 26.

27.    Brico is without knowledge or information sufficient to form a belief as to the truth of the
allegations contained in Paragraph 27.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

927456v1

33.    Admitted.

34.    Denied.

35.    Denied.

36.    Brico is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 36.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

## COUNT I- Breach of Contract

41.    Brico repeats and realleges its responses to Paragraphs 1 through 40 as if set forth in full

herein.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

WHEREFORE, Brico denies that the plaintiff is entitled to relief in any amount.

## COUNT II- Negligent Misrepresentation

47.    Brico repeats and realleges its responses to Paragraphs 1 through 46 as if set forth in full

herein.

48.    Denied.

49.    Denied.

4

927456v1