50. Denied.

51. Denied.

WHEREFORE, Brico and Victaulic deny that the plaintiff is entitled to relief in any amount.

### COUNT III- Negligent Design

52. Brico repeats and realleges its responses to Paragraphs 1 through 51 as if set forth in full herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

WHEREFORE, Brico denies that the plaintiff is entitled to relief in any amount.

### COUNT IV- Breach of Express and Implied Warranties

57. Brico repeats and realleges its responses to Paragraphs 1 through 56 as if set forth in full herein.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

WHEREFORE, Brico denies that the plaintiff is entitled to relief in any amount.

5

927456v1

## COUNT IV- Mass. Gen. Laws. ch. 93A

64. Brico repeats and realleges its responses to Paragraphs 1 through 63 as if set forth in full herein.

65. The allegations set forth in Paragraph 65 call for a legal conclusion, and therefore no response is required. To the extent a response is required, Brico denies such allegations.

66. Denied.

WHEREFORE, Brico denies that the plaintiff is entitled to relief in any amount.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Brico denies each allegation of plaintiff's Complaint except as specifically admitted above.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico states that the plaintiff is barred from relief by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico states that the plaintiff's claims are barred because it failed to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico states that there was no contractual relationship between it and the plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico states that if there is a contract, which it denies, the plaintiff's claims are barred due to its own contract breaches.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico states that the plaintiff's claims are barred on the basis that any damages, which the plaintiff alleges, resulted from acts and omissions of third parties over which Brico had no control.

### EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred, or any damages must be reduced, on account of contributory negligence.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred by failure of consideration.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred by laches.

### ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred by the statute of frauds.

### TWELFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred by any applicable statutes of limitations.

927456v1

### THIRTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred by the statute of repose.

### FOURTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred by the principles of waiver and estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, if the plaintiffs have sustained damages, those damages were the result of conduct of entities of individuals over whom Brico had no control and for which Brico is not responsible.

### SIXTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff is barred due to the economic loss rule.

### SEVENTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico acted in good faith with respect to its actions, and, therefore, is entitled to immunity from the claims asserted in this action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico exercised due care at all times, therefore, the plaintiff cannot show that Brico was negligent, in any respect.

### NINETEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, any damages suffered by the plaintiff are the result of its own acts and conduct.

### TWENTIETH AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff's recovery is subject to any applicable contractual limitation of liability.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff's recovery is limited by the Uniform Commercial Code and Mass. Gen. Laws. ch. 106.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff has misnamed the defendant, Brico.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The defendant reserves the right to add such other and further defenses as become apparent in the course of discovery.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted in that the plaintiff is not entitled to recovery under G.L. c. 93A.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico says that the plaintiff is not entitled to any recovery under G.L., c. 93A for the reason that the transactions and actions did not occur primarily and substantially within the Commonwealth.

## JURY CLAIM

THE DEFENDANT, BRICO INDUSTRIES, INC., DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.

>Respectfully Submitted By,
>
>Counsel for Defendant,
>BRICO INDUSTRIES, INC.
>
>*/s/ Thomas C. Federico*
>Thomas C. Federico, BBO #160830
>Grace V. Bacon, BBO #640970
>**Morrison, Mahoney & Miller, LLP**
>250 Summer Street
>Boston, MA 02210
>Tel. (617) 439-7500

## CERTIFICATE OF SERVICE

I, Thomas C. Federico, hereby certify that on 28 May 2004, I served a true copy of the following document:

*Answer and Jury Claim of the Defendant, Brico Industries, Inc., to Plaintiff's Complaint.*

in compliance with the Massachusetts Rules of Civil Procedure upon the following counsel of record, by mailing a copy of same by first class mail:

Charles E. Schaub, Jr., Esq.
Hinckley, Allen & Snyder, LLP
28 State Street
Boston, MA 02109

_____
Thomas C. Federico

929416v1

Case 1:04-cv-11933-NMG   Document 2-2   Filed 09/16/2004   Page 8 of 20

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS                                    MIDDLESEX SUPERIOR COURT
                                                 CIVIL ACTION NO: 04-1525

SPINIELLO COMPANIES,                )
        Plaintiff,                  )
                                    )
                                    )
v.                                  )
                                    )
                                    )
BRICO INDUSTRIES, INC. and          )
VICTAULIC COMPANY OF AMERICA,       )
        Defendants.                 )
                                    )

### STIPULATION OF DISMISSAL AGAINST VICTAULIC COMPANY OF AMERICA

The parties to the above-entitled action, pursuant to Mass. R. Civ. P. 41(a)(i)(ii), hereby stipulate that the claim brought by the plaintiff, Spiniello Companies, against the defendant, Victaulic Company of America, be dismissed without prejudice, without cost, and without right of appeal.

Counsel for the Plaintiff,                    Counsel for Defendants,
Spiniello Companies                           Brico Industries, Inc. and Victaulic Company of America

_____                       _____
Charles E. Schaub, Jr., Esq.                  Thomas C. Federico, BBO #160830
Jeremy Blackowicz, Esq.                       Grace V. Bacon, BBO #640970
Hinckley, Allen & Snyder, LLP                 Morrison Mahoney LLP
28 State Street                               250 Summer Street
Boston, MA 02109                              Boston, MA 02210
Tel. (617) 345-9000                           Tel. (617) 439-7500

Date: 8/27/04

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 8/27/04

935295v1

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS                                   MIDDLESEX SUPERIOR COURT
                                                CIVIL ACTION NO: 04-1525

|  |  |
|---|---|
| SPINIELLO COMPANIES,<br>    Plaintiff,<br><br>v.<br><br>BRICO INDUSTRIES, INC.,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### NOTICE TO STATE COURT OF NOTICE OF REMOVAL TO FEDERAL COURT

Please take notice that on September 3, 2004 the above-captioned action was removed to the United States District Court for the District of Massachusetts pursuant to Title 28, United States Code, Sections 1441 and 1446. A certified copy of said notice of removal is attached hereto, in accordance with Title 28, United States Code, Section 1446(d).

Respectfully Submitted By,

Counsel for Defendants,
BRICO INDUSTRIES, INC.

_____
Thomas C. Federico, BBO #160830
Grace V. Bacon, BBO #640970
**Morrison Mahoney LLP**
250 Summer Street
Boston, MA 02210
Tel. (617) 439-7500

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 9/3/04.

936194v1

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                        SUPERIOR COURT
                                                     CIVIL ACTION NO.
                                                     04-1525

SPINIELLO COMPANIES    )
                       )
Plaintiff,             )
                       )
v.                     )    COMPLAINT
                       )
BRICO INDUSTRIES INC., AND )
VICTAULIC COMPANY OF AMERICA, )
                       )
Defendants.            )
                       )



### INTRODUCTION

Plaintiff Spiniello Companies brings this action against Defendants Brico Industries Inc. and Victaulic Company of America as a result of the defendants' breach of contract, negligent design, negligent misrepresentation of its product, breach of express and implied warranties and violation of M.G.L. c. 93A.

### PARTIES

1. Plaintiff, Spiniello Companies ("Spiniello") is a California Corporation, registered to do business in the Commonwealth of Massachusetts, with a principal place of business at 12 E. Daniel Road, Fairfield, NJ and a registered agent in Massachusetts c/o National Corporate Research, 18 Tremont Street, Suite 146, Boston, MA.

2. Upon Information and belief, Defendant Brico Industries Inc. is a division of the Victaulic Company of America with a principal place of business at P.O. Box 48776, Atlanta, GA.

3. Upon Information and belief, Defendant Victaulic Company of America ("Victaulic") is a New Jersey Corporation registered to do business in Massachusetts, with a principal place of business at P.O. Box 31, 4901 Kesslersville Road, Easton, PA and a registered agent in Massachusetts c/o U.S. Corporation Company, 84 State Street, Boston, MA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to M.G.L. c. 223A, § 3(a), because each of the defendants is transacting business within the Commonwealth of Massachusetts.

5. Venue is proper because the construction project at which all materials and supplies were delivered is in Middlesex County.

## FACTS

6. On or about March 1, 2000, Spiniello entered into a contract numbered #6820, with the Massachusetts Water Resources Authority ("MWRA") for the rehabilitation of the Weston Aqueduct Supply Mains 1 and 2 (the "Project").

7. Spiniello's work on the Project involved cleaning and lining of water pipes, which included the provision of internal pipe-joint seals on the interior joints of the forty-eight and sixty inch water main pipes.

8. The Project specifications listed three potential suppliers for the internal pipe-joint seals, one of which was Brico.

9. Brico contacted Spiniello regarding the supply of the internal pipe-joint seals and on numerous occasions, prior to and after Spiniello's submittal of its bid to the MWRA, discussed the requirements and specifications for the internal pipe-joint seals on the

Project, to which Brico represented that its seals would perform in accordance with the requirements and specifications for the Project.

10. Prior to Spiniello's bid submittal, Brico represented that it had worked closely with the MWRA and the Project engineer and was intimately familiar with their needs and the Project's needs and that its product was the favored internal pipe-joint seal and would meet all of the Project requirements.

11. Spiniello relied upon Brico's representations and incorporated the costs for Brico's products in its Bid to the MWRA for the Project.

12. Brico's representatives visited Spiniello's offices to review the specifications and discuss providing the internal pipe-joint seals for the Project and demonstrated their products' ability to meet the requirements of the specifications and that it would work in all pipes at the Project.

13. In reliance on Brico's representations, on or about March 7, 2000, Spiniello submitted a preliminary purchase order to Brico for internal pipe-joint seals on the Project on the condition that the purchase was subject to the Project engineer's approval.

14. Brico accepted and returned Spiniello's proposed purchase order on or about April 28, 2000, subject to the condition regarding engineer approval.

15. In reliance on Brico's representations, Spiniello selected the Type II Inner Seals (the "Seals") manufactured by Brico for use on the Project and submitted its selection and shop drawings to the Project Engineer, which approved the Brico Seals on or about May 10, 2000.

16. Based upon Brico's representations regarding its product and the engineer's approval, on or about June 20, 2000, Spiniello, through its installation subcontractor, ODF Contracting

Co., Inc. ("ODF"), entered into the confirmatory and final purchase agreement with Brico for the Type II Inner Seals (the "Contract").

17. The Contract required Brico to supply 2000 Seals for a forty-eight inch diameter pipe and 1060 Seals for sixty inch diameter pipe for a total price of $808,220.00.

18. Pursuant to the Contract, Brico manufactured and delivered a portion of the Seals to the Project

19. On or about July 24, 2000, Spiniello and ODF began the installation of the Brico Seals in accordance with Brico's installation procedures on the sixty inch pipes at the Project.

20. The installation of Seals on the sixty inch pipes was required by the MWRA to be completed on or before October 3, 2000.

21. Brico provided a representative at the Project site on July 24, 2000 to supervise and assist Spiniello and ODF with the initial installation of Brico Seals.

22. During the course of the sixty inch pipe Seal installation, Spiniello and ODF experienced problems with Brico's Seals; numerous seals failed the required pressure testing.

23. On or about July 27, 2000, Spiniello contacted Brico regarding the Seal failures, to which Brico responded and sent a representative to inspect the Seal failures on August 7 and 8, 2000.

24. Brico's representative inspected the Seals and installation thereof and concluded that only 104 of the 160 Seals installed passed inspection and that the majority of the Seals failed due to manufacturing defects and Brico's failure to properly design, specify and provide Seals that can meet the Project requirements.

25. As a result of the failed Seals, Spiniello incurred extra costs in the examination, testing, removal and reinstallation and relining of the pipes with failed Seals.

26. On or about August 8, 2000, Spiniello hired a third-party consultant to review the Seals and their installation, thus incurring further expenses and damages as a result of the failure of Brico's Seals.

27. Spiniello's consultant concluded that the Seals failed to due both manufacturing defects and the fact that Brico's seal failed to comply with the specifications and Project needs.

28. It was discovered that a portion of the sixty inch pipes contained beveled ends and the Brico Seals failed to provide the required sealing properties.

29. On or about August 23, 2000, Spiniello's consultant performed a comparison test with a representative from Brico of the Brico Seal with a competitor's specified product on a sixty inch pipe with a beveled end. The Brico Seal filed while the competitors' seal successfully passed the required testing.

30. On or about August 25, 2000, Brico advised Spiniello that it would revise the Seals' design to correct design and manufacturing deficiencies in order to meet its representations, promises and contractual obligations and fully comply with the specification and Project requirements.

31. On or about September 8, 2000 Brico's representatives delivered the redesigned and modified Seals to the Project and installed the modified Seals on the sixty inch pipe. Brico's revised Seal failed to pass the required testing and Brico's representatives concluded that its product could not meet the requirements for the Project.

32. On or about September 11, 2000, Spiniello advised Brico of a preliminary cost impact and damages report resulting from the Brico Seal failure.

33. On or about September 15, 2000 Spiniello and Brico agreed to a limited cancellation of the purchase order for the sixty inch pipe Seals.

34. On or about October 25, 2000, Brico advised Spiniello that the Brico Seals installed in the sixty inch pipes at the Project required additional work to avoid potential failure of the Brico seals at increased cost and damage to Spiniello.

35. As a result of the Brico Seals' failure, Spiniello's work on the Project was substantially delayed and Spiniello did not complete the sixty inch pipe portion of the Project using a competitor's specified product until April 13, 2001, over 192 calendar days late.

36. In order to recover the delayed schedule, and avoid even further delays, Spiniello was required to perform construction on the Project during the winter months.

37. The City of Newton required Spiniello to provide salt, sand and plowing services on the roads affected by the Project as a condition to permitting the winter work, resulting in Spiniello incurring further expenses and damages as a result of the Brico Seal failure.

38. As a result of the Brico Seal failures and the delays to the completion of the sixty inch pipe portion of the Project, Spiniello suffered further disruption and delay to its work, having to revise and redesign the dechlorination testing of the Project.

39. The delays resulting from the Brico Seal failures impacted Spiniello's follow-on work to the forty-eight inch pipe, which had to be accelerated at increased cost and damage in order to avoid construction continuing into the winter months of 2001.

40. The failure of Brico's Seals to meet the requirements and specifications for the Project and have resulted in delays, damages and increased costs to Spiniello in excess of $4,950,000.00.

## COUNT I – Breach of Contract

41. Plaintiff repeats and realleges the allegations in paragraphs 1-40 above as if fully set forth herein.

#480265 6

42. Brico and Spiniello's agreed and contracted for the provision by Brico of Seals that met the requirements of the Project specifications.

43. Brico has failed to provide Seals as agreed upon in the parties' contract.

44. Brico has, in fact, delivered faulty and damaged goods to Spiniello in breach of the parties' agreement.

45. Spiniello has complied with all contractual requirements and fulfilled its obligations to Brico.

46. Spiniello has suffered damages in the investigation, monitoring, replacement and repair of the internal pipe-joints as well as significant lost revenue and delay damages.

WHEREFORE, Spiniello demands judgment against Brico and Victaulic in the amount of all damages suffered together with interest, costs, and attorney's fees.

## COUNT II – Negligent Misrepresentation

47. Plaintiff repeats and realleges the allegations in paragraphs 1-46 above as if fully set forth herein.

48. Spiniello's decision to utilize Brico's product was a direct result of and was induced by Brico's representation regarding its Seals' ability to meet the needs, requirements and specifications of the Project and that it had worked closely with the MWRA and its consultants who would monitor the construction.

49. Brico's Seals, in fact, do not meet the requirements of the Project specifications and needs despite its representations to Spiniello.

50. Brico's representations regarding its product and its ability to meet the Project specifications needs caused loss and damage to Spiniello.

#480265                                                         7

51. Spiniello has suffered damages in the investigation, monitoring, replacement and repair of the internal pipe-joint seals as well as significant lost revenue and delay damages.

WHEREFORE, Spiniello demands judgment against Brico and Victaulic in the amount of all damages suffered together with interest, costs, and attorney's fees.

### COUNT III – Negligent Design

52. Plaintiff repeats and realleges the allegations in paragraphs 1-51 above as if fully set forth herein.

53. Brico failed to use the necessary care in designing and engineering its product and failed to adhere to the known requirements and Project specifications for the product.

54. Brico's Seals fail to comply with their intended use and ability to meet the Project specifications.

55. Brico has acknowledged that its design is defective and that it has provided Spiniello with Seals that cannot meet the Project specifications.

56. As a result of Brico's defective design, Spiniello has suffered damages in the investigation, monitoring, replacement and repair of the internal pipe-joint seals as well as significant lost revenue and delay damages.

WHEREFORE, Spiniello demands judgment against Brico and Victaulic in the amount of all damages suffered together with interest, costs, and attorney's fees.

### COUNT IV – Breach of Express and Implied Warranties

57. Plaintiff repeats and realleges the allegations in paragraphs 1-56 above as if fully set forth herein.

#480265                                             8

58. In connection with Spiniello's promise to utilize and subsequent acquisition of the Brico Seals, Brico represented and warranted that its product would meet the needs of the Project and specifications.

59. Brico's Seals were designed, manufactured and intended to meet the needs of the Project specifications.

60. Brico's product fails to provide the required internal seal in the pipes and has failed the requisite testing with regard to same.

61. Brico has breached the express and implied warranties in connection with the provision of its Seals.

62. Brico's failure to provide Seals that meet the Project specifications has and will continue to cause Spiniello loss and damage.

63. Spiniello has suffered damages in the investigation, monitoring, replacement and repair of the internal pipe-joint seals as well as significant lost revenue and delay damages.

WHEREFORE, Spiniello demands judgment against Brico and Victaulic in the amount of all damages suffered together with interest, costs, and attorney's fees.

### COUNT V – M.G.L. ch. 93A

64. Plaintiff repeats and realleges the allegations in paragraphs 1-63 above as if fully set forth herein.

65. At all times relevant to this Complaint, Spiniello, Brico and Victaulic were involved in trade and commerce within the Commonwealth of Massachusetts.

66. Brico's inducement of Spiniello to contract with it and its provision of defective seals under that contract constitute an unfair and deceptive act and practice as prohibited by M.G.L. c. 93A.

WHEREFORE, Spiniello demands judgment against Brico and Victaulic in the amount of all damages it has suffered as a result of Brico and Victaulic's unfair and deceptive acts and practices as well as multiple damages; that Spiniello be awarded its attorney's fees, costs and interest together with such other relief as is just and equitable.

Dated: April 9, 2004                                    Plaintiff:

**SPINIELLO COMPANIES**

By its attorneys:

Charles E. Schaub, Jr. (BBO# 444920)
Jeremy Blackowicz (BBO# 650945)
Hinckley, Allen & Snyder, LLP
28 State Street
Boston, MA 02109
(617) 345-9000

#480265                                10