COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| MIDDLESEX, SS | MIDDLESEX SUPERIOR COURT<br>CIVIL ACTION NO: 04-1525 |

SPINIELLO COMPANIES,
    Plaintiff,

v.

BRICO INDUSTRIES, INC. and
VICTAULIC COMPANY OF AMERICA,
    Defendants.

### ANSWER AND JURY CLAIM OF THE DEFENDANT, BRICO INDUSTRIES, INC, TO PLAINTIFF'S COMPLAINT

Defendant, Brico Industries, Inc. ("Brico") respond to the plaintiff's Complaint paragraph by paragraph as follows:

### PARTIES

1. Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Denied.

3. Admitted, however, Brico denies that Victaulic is a proper party to this suit.

### JURISDICTION AND VENUE

4. The allegations set forth in Paragraph 4 call for a legal conclusion, and therefore no response is required.

5. The allegations set forth in Paragraph 5 call for a legal conclusion, and therefore no response is required.

927456v1

## **FACTS**

6.  Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.  Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8.  Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9.  Brico admits that it had conversations with Spiniello regarding the requirements and specifications for the internal pipe-joint seals on the Project. Brico denies the remaining allegations contained in Paragraph 9.

10. Denied.

11. Denied.

12. Brico admits that it visited Spiniello's offices to review the specifications and discussed providing the internal pipe-joint seals for the Project and demonstrated their products' ability to meet the requirements as relayed to them. Brico denies the remaining allegations contained in Paragraph 12.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Admitted.

18. Brico admits that it manufactured and delivered a portion of the seals to the project. Brico denies all remaining allegations

19. Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20. Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. Brico admits that a representative was at the Project site on July 24, 2000, but denies the remaining allegations contained in Paragraph 21.

22. Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first clause of Paragraph 22. Brico denies the remaining allegations contained in Paragraph 22.

23. Brico admits that it spoke with Spiniello regarding the seals, which resulted in Brico sending a representative to look at the seals on August 7 and 8, 2000. Brico denies the remaining allegations contained in Paragraph 23.

24. Denied.

25. Denied.

26. Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27. Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

927456v1

33. Admitted.

34. Denied.

35. Denied.

36. Brico is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## COUNT I- Breach of Contract

41. Brico repeats and realleges its responses to Paragraphs 1 through 40 as if set forth in full herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

WHEREFORE, Brico denies that the plaintiff is entitled to relief in any amount.

## COUNT II- Negligent Misrepresentation

47. Brico repeats and realleges its responses to Paragraphs 1 through 46 as if set forth in full herein.

48. Denied.

49. Denied.

927456v1

50. Denied.

51. Denied.

WHEREFORE, Brico and Victaulic deny that the plaintiff is entitled to relief in any amount.

## COUNT III- Negligent Design

52. Brico repeats and realleges its responses to Paragraphs 1 through 51 as if set forth in full herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

WHEREFORE, Brico denies that the plaintiff is entitled to relief in any amount.

## COUNT IV- Breach of Express and Implied Warranties

57. Brico repeats and realleges its responses to Paragraphs 1 through 56 as if set forth in full herein.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

WHEREFORE, Brico denies that the plaintiff is entitled to relief in any amount.

## COUNT IV- Mass. Gen. Laws. ch. 93A

64. Brico repeats and realleges its responses to Paragraphs 1 through 63 as if set forth in full herein.

65. The allegations set forth in Paragraph 65 call for a legal conclusion, and therefore no response is required. To the extent a response is required, Brico denies such allegations.

66. Denied.

WHEREFORE, Brico denies that the plaintiff is entitled to relief in any amount.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Brico denies each allegation of plaintiff's Complaint except as specifically admitted above.

## THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico states that the plaintiff is barred from relief by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico states that the plaintiff's claims are barred because it failed to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico states that there was no contractual relationship between it and the plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico states that if there is a contract, which it denies, the plaintiff's claims are barred due to its own contract breaches.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico states that the plaintiff's claims are barred on the basis that any damages, which the plaintiff alleges, resulted from acts and omissions of third parties over which Brico had no control.

### EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred, or any damages must be reduced, on account of contributory negligence.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred by failure of consideration.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred by laches.

### ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred by the statute of frauds.

### TWELFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred by any applicable statutes of limitations.

927456v1

### THIRTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred by the statute of repose.

### FOURTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the claims contained in the plaintiff's Complaint are barred by the principles of waiver and estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, if the plaintiffs have sustained damages, those damages were the result of conduct of entities of individuals over whom Brico had no control and for which Brico is not responsible.

### SIXTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff is barred due to the economic loss rule.

### SEVENTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico acted in good faith with respect to its actions, and, therefore, is entitled to immunity from the claims asserted in this action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico exercised due care at all times, therefore, the plaintiff cannot show that Brico was negligent, in any respect.

### NINETEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, any damages suffered by the plaintiff are the result of its own acts and conduct.

## TWENTIETH AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff's recovery is subject to any applicable contractual limitation of liability.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff's recovery is limited by the Uniform Commercial Code and Mass. Gen. Laws. ch. 106.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff has misnamed the defendant, Brico.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The defendant reserves the right to add such other and further defenses as become apparent in the course of discovery.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted in that the plaintiff is not entitled to recovery under G.L. c. 93A.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Brico says that the plaintiff is not entitled to any recovery under G.L., c. 93A for the reason that the transactions and actions did not occur primarily and substantially within the Commonwealth.

## JURY CLAIM

THE DEFENDANT, BRICO INDUSTRIES, INC., DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.

Respectfully Submitted By,

Counsel for Defendant,
BRICO INDUSTRIES, INC.

_____
Thomas C. Federico, BBO #160830
Grace V. Bacon, BBO #640970
**Morrison, Mahoney & Miller, LLP**
250 Summer Street
Boston, MA 02210
Tel. (617) 439-7500

## CERTIFICATE OF SERVICE

I, Thomas C. Federico, hereby certify that on 28 May 2004, I served a true copy of the following document:

*Answer and Jury Claim of the Defendant, Brico Industries, Inc., to Plaintiff's Complaint.*

in compliance with the Massachusetts Rules of Civil Procedure upon the following counsel of record, by mailing a copy of same by first class mail:

Charles E. Schaub, Jr., Esq.
Hinckley, Allen & Snyder, LLP
28 State Street
Boston, MA 02109

_____
Thomas C. Federico

929416v1

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

MIDDLESEX SUPERIOR COURT
CIVIL ACTION NO: 04-1525

SPINIELLO COMPANIES, )
    Plaintiff, )
  )
v. )
  )
BRICO INDUSTRIES, INC. and )
VICTAULIC COMPANY OF AMERICA, )
    Defendants. )
  )

## DEFENDANT, VICTAULIC COMPANY OF AMERICA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Victaulic Company of America ("Victaulic"), pursuant to Mass. R. Civ. P. 12(b)(6), moves the Court to dismiss the case brought against it by plaintiff, Spiniello Companies. As grounds for this Motion, Victaulic states that the plaintiff has failed to state any claim against it for which it may be entitled to relief.

In support of this Motion, Victaulic submits the accompanying memorandum of law.

Respectfully Submitted By,

Counsel for Defendant,
BRICO INDUSTRIES, INC.

_____
Thomas C. Federico, BBO #160830
Grace V. Bacon, BBO #640970
**Morrison, Mahoney & Miller, LLP**
250 Summer Street
Boston, MA 02210
Tel. (617) 439-7500

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on _____

927456v1

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS                                          MIDDLESEX SUPERIOR COURT
                                                       CIVIL ACTION NO: 04-1525

|  |  |
|---|---|
| SPINIELLO COMPANIES,<br>Plaintiff,<br><br>v.<br><br>BRICO INDUSTRIES, INC. and<br>VICTAULIC COMPANY OF AMERICA,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT, VICTAULIC COMPANY OF AMERICA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

In its Complaint, the plaintiff, Spiniello Companies ("Spiniello") has failed to state a claim against the defendant, Victaulic Company of America ("Victaulic"). Consequently, pursuant to Mass. R. Civ. P. 12(b)(6), Victaulic moves the Court to dismiss it from this case.

### BACKGROUND

In the caption of its Complaint, Spiniello names both Victaulic as well as Brico Industries Inc. as defendants. See Complaint attached as Exhibit A. Yet, Spiniello has completely failed to make a viable claim against Victaulic in any of the five counts that it has alleged. Indeed, in the sixty-six paragraph Complaint, plaintiff's only allegations against Victaulic are that "Defendant Brico Industries Inc. is a division of Victaulic," and "At all times relevant to this Complaint, Spiniello, Brico and Victaulic were involved in trade and commerce within the Commonwealth of Massachusetts." See Complaint ¶¶ 2, 65. Other than identifying Victaulic as a party, the Complaint makes no other mention of Victaulic or its involvement in any of the allegations for breach of contract, negligent misrepresentation, negligent design, breach of express and implied warranties, or violation of Mass. Gen. Laws ch. 93A.

927456v1

## ARGUMENT

A motion to dismiss under Mass. R. Civ. P. 12(b)(6) should be granted when it appears that plaintiff cannot prove a set of facts in support of its claim that would entitle it to relief. Anzalone v. Massachusetts Bay Trans. Auth., 403 Mass. 119, 121 (1988). When evaluating the sufficiency of a complaint, the Court must accept as true the factual allegations of the complaint. Manning v. Zuckerman, 388 Mass. 8, 9-10 (1983). Accepting all of the allegation in Spiniello's Complaint as true, the plaintiff has failed to make any allegations against Victaulic.

All of the allegations contained in the Complaint regard Brico, a wholly owned subsidiary of Victaulic. See generally Complaint. As there are no allegations made against Victaulic, it is proper for the Court to dismiss it from this case.

## CONCLUSION

Wherefore, for all the foregoing reasons, the defendant, Victaulic Company of America, requests that the Court grant its Motion to Dismiss.

Respectfully Submitted By,

Counsel for Defendant,
BRICO INDUSTRIES, INC.

_____
Thomas C. Federico, BBO #160830
Grace V. Bacon, BBO #640970
**Morrison, Mahoney & Miller, LLP**
250 Summer Street
Boston, MA 02210
Tel. (617) 439-7500

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 6/1/0 [signature]

2

927456v1