UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO: 04-11933-NMG

| | |
|---|---|
| SPINIELLO COMPANIES,<br>Plaintiff,<br><br>v.<br><br>BRICO INDUSTRIES, INC.<br>Defendant. | DEFENDANT BRICO<br>INDUSTRIES, INC.'S<br>STATEMENT PURSUANT TO<br>LOCAL RULE 56.1 IN<br>SUPPORT OF ITS MOTION FOR<br>SUMMARY JUDGMENT |

Pursuant to Local Rule 56.1 of the Local Rules of United States District Court for the District of Massachusetts, the defendant, Brico Industries, Inc. ("Brico") submits the within Statement of Undisputed Material Facts in Support of Plaintiff's Motion for Summary Judgment.

## MATERIAL FACTS TO WHICH THERE IS NO DISPUTE

1. Plaintiff Spiniello Companies ("Spiniello") is a utility contractor that performs pipeline rehabilitation projects. Deposition of Spiniello's Rule 30(b)(6) Designee, Jose Collazo ("Collazo Depo.") at 22 (**Ex. 1**).[1]

2. Spiniello entered into written contract Number 6820, dated March 1, 2000, with the Massachusetts Water Resources Authority ("MWRA") for the rehabilitation of the Weston Aqueduct Supply Mains 1 and 2, in Newton, Massachusetts ("Project"). Complaint at ¶ 6 (**Ex. 2**).

3. As part of the Project, Spiniello was to install inner seals in the pipeline. Complaint at ¶ 7 (**Ex. 2**).

4. The Project specifications, the MWRA lists Brico as one of three potential

---

[1] All exhibits are attached to either the Affidavit of Thomas C. Federico, Esq. ("Federico Aff."), which is submitted with Brico's Motion for Summary Judgment, or the Affidavit of Robert J. Card, P.E., also submitted with Brico's Motion for Summary Judgment. All exhibit references are to the Federico Affidavit, unless otherwise noted.

suppliers for the inner seals. Complaint at ¶ 8 **(Ex. 2)**.

5. On or about March 7, 2000, Spiniello submitted to Brico what it describes as a "preliminary purchase order" for the purchase of inner seals. Complaint at ¶ 13 **(Ex. 2)**.

6. Spiniello retained a separate subcontractor, ODF, to supply and install the seals. Complaint at ¶ 16 **(Ex. 2)**; Collazo Depo. at 66 **(Ex. 1)**.

7. Spiniello entered into a written subcontract agreement with ODF, dated June 12, 2000, wherein Spiniello and ODF agreed that ODF would supply, install and test the inner seals. ODF Subcontract **(Ex. 3)**; Spiniello's Answers to Brico's Request for Admissions, No. 9, **(Ex. 4)**; Collazo Depo. at 66 **(Ex. 1)**.

8. According to Spiniello's Complaint: "[O]n or about June 20, 2000, Spiniello, through its installation subcontractor, ODF, entered into the confirmatory and final purchase agreement with Brico for the Type II Inner Seals (the "Contract"). Complaint at ¶ 16 **(Ex. 2)**.

9. Spiniello elected to retain ODF, a minority business enterprise, to supply and install the seals so to comply with Massachusetts law regarding minority participation in construction projects. Collazo Depo. at 67 **(Ex. 1)**. Subcontract **(Ex. 3)**.

10. ODF's Letters of Intent to Spiniello and Spiniello's Monthly Compliance Report to the MWRA list ODF as the supplier of the seals. **(Ex. 6 & Ex. 7)**.

11. The June 1, 2000 Construction Progress Meeting minutes of Camp Dresser & McKee, Inc., the design engineer, state that "ODF must be the firm that not only installs the Inner Seals but must also purchase the Inner Seals." **(Ex. 8.)**

12. Spiniello represented to the MWRA, the Project owner and awarding authority, that ODF would both furnish and install the seals, and that Spiniello had an agreement with ODF to both supply and install the inner seals. Spiniello's Admissions, Nos. 8 and 9 **(Ex. 4)**.

13. In the Purchase Order, ODF specified the precise number and type of seals needed for the Project, including measurements. June 20, 2000 Purchase Order **(Ex. 5)**.

14. Spiniello provided all of the measurements for the seals. Collazo Depo. at 63 **(Ex. 1)**.

15. Brico supplied a portion of the seals for the Project. Complaint at ¶ 18 **(Ex. 2)**.

16. On or about July 24, 2000, ODF started installing the seals on the Project, pursuant to its subcontract. Complaint at ¶ 19 **(Ex. 2)**.

17. Spiniello claims that it became aware of problems with the installation of the Brico seals on or about July 27, 2000. Spiniello's Admissions, No. 11 **(Ex. 4)**.

18. In its Complaint, Spiniello further states, "[o]n or about September 11, 2000, Spiniello advised Brico of a preliminary cost impact and damages report resulting from the Brico Seal failure." Complaint at ¶ 32 **(Ex. 2)**.

19. Spiniello sent Brico several letters in 2000 alleging that Brico's seals were deficient. Affidavit of Brico Vice President Robert J. Card, P.E., ¶ 3 ("Card Affidavit").

20. Spiniello's letter of August 28, 2000 to Brico notes that the "deadline for resolution of this seal problem is Friday, September 8, 2000 . . . ." Card Affidavit, Ex. 1 thereto.

21. Spiniello's letter of September 11, 2000 states that Spiniello has sustained losses due to Brico's "defective seals." Card Affidavit, Ex. 2 thereto.

22. Spiniello filed the present Complaint on April 9, 2004 in Middlesex Superior Court.

23. Spiniello is not making any claim for personal injury or damage to property other than the seals themselves. Spiniello's Admissions, Nos. 13-15 **(Ex. 4)**; Complaint ¶ 56 **(Ex. 2)**.

Respectfully submitted,
Defendant,
BRICO INDUSTRIES, INC.

*/s/ Thomas C. Federico*

---

Thomas C. Federico, BBO #160830
Philip M. Hirshberg, BBO #567234
Grace V. Bacon Garcia, BBO #640970
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA  02210
Tel. (617) 439-7500

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on 5 October 2006.

*/s/ Thomas C. Federico*

---

Thomas C. Federico, BBO #160830