# EXHIBIT 9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPINIELLO COMPANIES,        )<br>                             )<br>       Plaintiff,           )<br>                             )<br>v.                           )<br>                             )<br>BRICO INDUSTRIES, INC.,      )<br>                             )<br>       Defendant.           )<br>_____) | CIVIL ACTION NO. 04-11933-NMG |

## SPINIELLO COMPANIES' ANSWERS TO DEFENDANT BRICO INDUSTRIES, INC.'S FIRST SET OF INTERROGATORIES

Pursuant Rules 26 and 33 of the Massachusetts Rules of Civil Procedure, Plaintiff ("Spiniello") hereby answers Defendant Brico Industries, Inc.'s ("Brico") First Set of Interrogatories (the "Interrogatories") as follows:

### GENERAL OBJECTIONS

The following General Objections apply to each and every interrogatory of the Interrogatories and shall have the same force and effect as if set forth in full in response to each individually numbered Interrogatory.

1.  Spiniello objects to each and every interrogatory of the Interrogatories to the extent that it seeks information that is protected by the attorney-client privilege or the attorney work-product privilege or is otherwise protected from discovery under applicable law.

2.  Spiniello objects to each and every interrogatory of the Interrogatories to the extent that it purports to request information that is neither relevant to the subject

**Answer No. 21**

Pursuant to Rule 33(c), Plaintiff states that such information can be ascertained through a review of the documents produced, or to be produced in this matter, and through a review of Brico's own records. Further answering, Spiniello specifically refers the Jason Consultants Report dated August 30, 2000, the Tom Port Fax dated August 9, 2000 to John Walsh, and Brico's own failed 2nd attempt to manufacture a wider seal which would meet the Project specifications.

**Interrogatory No. 22**

Please set forth in complete detail <u>all</u> of the facts supporting the allegations contained in Paragraph 61 of the Complaint.

**Answer No. 22**

Plaintiff objects to this Interrogatory to the extent that it attempts to reach information protected by the attorney-client privilege or the work product doctrine and is beyond the bounds of permissible discovery. Without waiving such objection and in an effort to respond, Brico's seals failed to perform as represented and promised, wherein Brico represented and warranted that its product would meet the specifications, would be manufactured correctly, would be fit for application in this Project.

**Interrogatory No. 23**

Please describe all inspections performed of the internal pipes joint seals used, at any time, on the Project, including, but not limited to:

    a.    The date of each inspection;
    b.    The names and address of who performed such inspections;

SIGNED AND SWORN TO UNDER THE PAINS AND PENALTIES OF PERJURY THIS 30 DAY OF JUNE, 2005.

_____
José Collazo

As to Objections:

_____
Charles E. Schaub, Jr., BBO #444920
Jeremy Blackowicz, BBO #650945
Hinckley, Allen & Snyder, LLP
28 State Street
Boston, MA 02109-1775
Phone: (617) 345-9000

Date: July 1, 2005

## CERTIFICATE OF SERVICE

I, Jeremy Blackowicz, hereby certify that a copy of the foregoing document was served upon all counsel of record, by First Class United States Mail on this 1st day of July, 2005.

_____
Jeremy Blackowicz

#535489                                    15