**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| SPINIELLO COMPANIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-11933-NMG |
| | ) | |
| BRICO INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF SPINIELLO COMPANIES' RESPONSE TO DEFENDANT**
**BRICO INDUSTRIES, INC.'S LOCAL RULE 56.1 STATEMENT OF MATERIAL**
**FACTS IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Plaintiff Spiniello Companies ("Spiniello"), hereby submits

the following response to Defendant Brico Industries, Inc.'s ("Brico") statement of material facts

in support of its Opposition to the Motion for Summary Judgment filed by Defendant.  Except

those statements below to which Spiniello replies uncontested, Spiniello hereby affirmatively

controverts Brico's Statement of Materials Facts.

1.    Plaintiff Spiniello Companies ("Spiniello") is a utility contractor that performs

pipeline rehabilitation projects.  Deposition of Spiniello's Rule 30(b)(6) Designee, Jose Collazo

("Collazo Depo.") at 22 (Ex. 1).

**Response:**    Uncontested.

2.    Spiniello entered into written contract Number 6820, dated March 1, 2000, with

the Massachusetts Water Resources Authority ("MWRA") for the rehabilitation of the Weston

Aqueduct Supply Mains 1 and 2, in Newton, Massachusetts ("Project").  Complaint at ¶ 6 (Ex.

2).

**Response:**    Uncontested.


3.    As part of the Project, Spiniello was to install inner seals in the pipeline.

Complaint at ¶ 7 (Ex. 2).

**Response:**    Spiniello does not contest that its general contract with the Massachusetts Water

Resources Authority required it to install inner seals in the Project pipeline; Spiniello

subcontracted the installation of the inner seals to ODF Contracting Co., Inc.


4.    The Project specifications, the MWRA lists Brico as one of three potential

suppliers for the inner seals.  Complaint at ¶ 8 (Ex. 2).

**Response:**    Uncontested.


5.    On or about March 7, 2000, Spiniello submitted to Brico what it describes as a

"preliminary purchase order" for the purchase of inner seals.  Complaint at ¶ 13 (Ex. 2).

**Response:**    In reliance on Brico's December 20, 1999 Quotation, Spiniello utilized Brico's

pricing in the preparation of its bid.  After award of the contract, Spiniello submitted a purchase

order, numbered 51566, for the purchase of the inner seals and external couplings.  Brico

accepted the purchase order agreement, signing the document and adding terms regarding

financing, all of which Spiniello agreed with.  Brico issued a confirmation of the purchase order

agreement.  Brico thereafter shipped products to Spiniello and invoiced Spiniello for same.  See

Exhibits B, C, D, F, T, U, W, Y attached to the Collazo Affidavit; <u>see also</u> Collazo Aff. at ¶¶ 12,

25 and 26.

6.      Spiniello retained a separate subcontractor, ODF, to supply and install the seals.

Complaint at ¶ 16 (Ex. 2); Collazo Dep. At 66 (Ex. 1).

**<u>Response:</u>**      At the time of bidding, Spiniello intended to utilize Iron Construction Co.,

Inc. as the subcontractor to purchase and install the inner seals.  After award of the Project, Iron

Construction Co., Inc. was unable to perform the work.  Spiniello was subsequently permitted by

the MWRA and CDM to substitute ODF as subcontractor for the inner seals.  After Spiniello had

entered into the purchase order with Brico, at CDM's request, it was recommended that Spiniello

route its purchase of the inner seals through its installation subcontractor, ODF Contracting, Inc.

Shortly after entering into the subcontract with ODF, Spiniello understood that ODF was

beginning to experience financial difficulties.  It was Spiniello's intent for ODF to take-over the

purchasing of the inner seals and couplings.  While ODF ultimately submitted a purchase order

dated June 20, 2000 to Brico for the inner seals, Spiniello understood that Brico never accepted

or acted upon ODF's purchase order.  Brico continued to deal with Spiniello for the purchasing

of the inner seals and external couplings, shipping products to Spiniello and issuing invoices to

Spiniello and corresponding with Spiniello regarding cancellation of any portion of the purchase

order.  Spiniello continued to deal directly with Brico regarding the purchasing, shipment,

problems and cancellation relating to the Brico inner seals and external couplings.  Spiniello

never transferred its contract with Brico to ODF and Spiniello never routed its purchases of

Brico products through ODF.  ODF breached its subcontract and later abandoned the Project.

ODF never invoiced Spiniello for the supply of any seals to the Project.  See Collazo Aff. at ¶¶ 16, 19, 20, 21-27.


7.      Spiniello entered into a written subcontract agreement with ODF, dated June 12, 2000, wherein Spiniello and ODF agreed that ODF would supply, install and test the inner seals. ODF Subcontract (Ex. 3); Spiniello's Answers to Brico's Request for Admission, No. 9, (Ex. 4); Collazo Depo. At 66 (Ex. 1).

**Response:**      Spiniello does not contest that it executed a written subcontract with ODF dated June 12, 2000.  It was Spiniello's intent for ODF to take-over the purchasing of the inner seals and couplings.  While ODF ultimately submitted a purchase order dated June 20, 2000 to Brico for the inner seals, Spiniello understood that Brico never accepted or acted upon ODF's purchase order.  Brico continued to deal with Spiniello for the purchasing of the inner seals and external couplings, shipping products to Spiniello and issuing invoices to Spiniello and corresponding with Spiniello regarding cancellation of any portion of the purchase order.  Spiniello continued to deal directly with Brico regarding the purchasing, shipment, problems and cancellation relating to the Brico inner seals and external couplings.  Spiniello never effectively transferred its contract with Brico to ODF and Spiniello never routed its purchases of Brico products through ODF.  ODF breached its subcontract and later abandoned the Project.  ODF never invoiced Spiniello for the supply of any seals to the Project.  See Collazo Aff. at ¶¶ 20, 23-27.


8.      According to Spiniello's Complaint:  "[O]n or about June 20, 2000, Spiniello, through its installation subcontractor, ODF, entered into the confirmatory and final purchase agreement with Brico for the Type II Inner Seals (the 'Contract').  Complaint at ¶ 16 (Ex. 2).

**Response:**    It was Spiniello's intent for ODF to take-over the purchasing of the inner seals and couplings.  While ODF ultimately submitted a purchase order dated June 20, 2000 to Brico for the inner seals, Spiniello understood that Brico never accepted or acted upon ODF's purchase order.  Brico continued to deal with Spiniello for the purchasing of the inner seals and external couplings, shipping products to Spiniello and issuing invoices to Spiniello and corresponding with Spiniello regarding cancellation of any portion of the purchase order.  Spiniello continued to deal directly with Brico regarding the purchasing, shipment, problems and cancellation relating to the Brico inner seals and external couplings.  Spiniello never effectively transferred its contract with Brico to ODF and Spiniello never routed its purchases of Brico products through ODF.  ODF breached its subcontract and later abandoned the Project.  ODF never invoiced Spiniello for the supply of any seals to the Project.  See Collazo Aff. at ¶¶ 20, 23-27.

9.    Spiniello elected to retain ODF, a minority business enterprise, to supply and install the seals so to comply with Massachusetts law regarding minority participation in construction project.  Collazo Depo. at 67 (Ex. 1).  Subcontract (Ex. 3).

**Response:**    It was Spiniello's intent that ODF would satisfy Spiniello's requirements for minority business participation in the Project.  ODF breached its subcontract with Spiniello, abandoning the Project and ceasing performance.  Spiniello received a waiver from the MWRA for its minority business enterprise requirements as a result of ODF's abandonment.  It was Spiniello's intent for ODF to take-over the purchasing of the inner seals and couplings.  While ODF ultimately submitted a purchase order dated June 20, 2000 to Brico for the inner seals, Spiniello understood that Brico never accepted or acted upon ODF's purchase order.  Brico continued to deal with Spiniello for the purchasing of the inner seals and external couplings,

shipping products to Spiniello and issuing invoices to Spiniello and corresponding with Spiniello regarding cancellation of any portion of the purchase order. Spiniello continued to deal directly with Brico regarding the purchasing, shipment, problems and cancellation relating to the Brico inner seals and external couplings. Spiniello never transferred its contract with Brico to ODF and Spiniello never routed its purchases of Brico products through ODF. ODF never invoiced Spiniello for the supply of any seals to the Project. See Collazo Aff. at ¶¶ 20, 23-27.

10.     ODF's Letters of Intent to Spiniello and Spiniello's Monthly Compliance Report to the MWRA list ODF as the supplier of the seals. (Ex. 6 and Ex. 7).

**Response:**     It was Spiniello's intent that ODF would satisfy Spiniello's requirements for minority business participation in the Project. ODF breached its subcontract with Spiniello, abandoning the Project and ceasing performance. Spiniello received a waiver from the MWRA for its minority business enterprise requirements as a result of ODF's abandonment. It was Spiniello's intent for ODF to take-over the purchasing of the inner seals and couplings. While ODF ultimately submitted a purchase order dated June 20, 2000 to Brico for the inner seals, Spiniello understood that Brico never accepted or acted upon ODF's purchase order. Brico continued to deal with Spiniello for the purchasing of the inner seals and external couplings, shipping products to Spiniello and issuing invoices to Spiniello and corresponding with Spiniello regarding cancellation of any portion of the purchase order. Spiniello continued to deal directly with Brico regarding the purchasing, shipment, problems and cancellation relating to the Brico inner seals and external couplings. Spiniello never transferred its contract with Brico to ODF and Spiniello never routed its purchases of Brico products through ODF. ODF never invoiced Spiniello for the supply of any seals to the Project. See Collazo Aff. at ¶¶ 20, 23-27.

11.     The June 1, 2000 Construction Progress Meeting minutes of Camp Dresser &
McKee, Inc., the design engineer, state that "ODF must be the firm that not only installs the
Inner Seals but must also purchase the Inner Seals." (Ex. 8).

**Response:**     It was Spiniello's intent that ODF would satisfy Spiniello's requirements for
minority business participation in the Project.  ODF breached its subcontract with Spiniello,
abandoning the Project and ceasing performance.  Spiniello received a waiver from the MWRA
for its minority business enterprise requirements as a result of ODF's abandonment.  It was
Spiniello's intent for ODF to take-over the purchasing of the inner seals and couplings.  While
ODF ultimately submitted a purchase order dated June 20, 2000 to Brico for the inner seals,
Spiniello understood that Brico never accepted or acted upon ODF's purchase order.  Brico
continued to deal with Spiniello for the purchasing of the inner seals and external couplings,
shipping products to Spiniello and issuing invoices to Spiniello and corresponding with Spiniello
regarding cancellation of any portion of the purchase order.  Spiniello continued to deal directly
with Brico regarding the purchasing, shipment, problems and cancellation relating to the Brico
inner seals and external couplings.  Spiniello never transferred its contract with Brico to ODF
and Spiniello never routed its purchases of Brico products through ODF.  ODF never invoiced
Spiniello for the supply of any seals to the Project.  See Collazo Aff. at ¶¶ 20, 23-27.


12.     Spiniello represented to the MWRA, the Project owner and awarding authority,
that ODF would both furnish and install the seals, and that Spiniello had an agreement with ODF
to both supply and install the inner seals.  Spiniello's Admissions, Nos. 8 and 9 (Ex. 4).

**Response:**     It was Spiniello's intent that ODF would satisfy Spiniello's requirements for
minority business participation in the Project.  ODF breached its subcontract with Spiniello,

abandoning the Project and ceasing performance. Spiniello received a waiver from the MWRA for its minority business enterprise requirements as a result of ODF's abandonment. It was Spiniello's intent for ODF to take-over the purchasing of the inner seals and couplings. While ODF ultimately submitted a purchase order dated June 20, 2000 to Brico for the inner seals, Spiniello understood that Brico never accepted or acted upon ODF's purchase order. Brico continued to deal with Spiniello for the purchasing of the inner seals and external couplings, shipping products to Spiniello and issuing invoices to Spiniello and corresponding with Spiniello regarding cancellation of any portion of the purchase order. Spiniello continued to deal directly with Brico regarding the purchasing, shipment, problems and cancellation relating to the Brico inner seals and external couplings. Spiniello never transferred its contract with Brico to ODF and Spiniello never routed its purchases of Brico products through ODF. ODF never invoiced Spiniello for the supply of any seals to the Project. See Collazo Aff. at ¶¶ 20, 23-27.

13.    In the Purchase Order, ODF specified the precise number and type of seals needed for the Project, including measurements. June 20, 2000 Purchase Order (Ex. 5).

**Response:**    Spiniello does not know the specifics of ODF's purchase order or whether the items requested complied with the Project specifications. Spiniello understood that Brico never accepted or acted upon ODF's purchase order. Spiniello had no part in the drafting, review or submittal of ODF's purchase order to Brico. Spiniello submitted the measurements for the seals to Brico. See Collazo Aff. at ¶ 24.

14.    Spiniello provided all of the measurements for the seals. Collazo Depo. at 63 (Ex. 1).

**Response:**     Uncontested.

15.     Brico supplied a portion of the seals for the Project.  Complaint at ¶ 18 (Ex. 2).

**Response:**     Spiniello does not contest that Brico made shipments of some of the sixty-inch inner seals and external couplings to Spiniello, invoicing Spiniello, and receiving payment from Spiniello.  See Exhibits F, T, W, and Y to the Collazo Aff.; see also Collazo Aff. At ¶¶ 25, 26.

16.     On or about July 24, 2000, ODF started installing the seals on the Project, pursuant to its subcontract.  Complaint at ¶ 19 (Ex. 2).

**Response:**     Spiniello does not contest that ODF began installation of the inner seals on July 24, 2000.

17.     Spiniello claims that it became aware of problems with the installation of the Brico seals on or about July 27, 2000.  Spiniello's Admissions, No. 11 (Ex. 4).

**Response:**     Spiniello does not contest that its first written correspondence to Brico regarding the difficulties, problems, failures and defects associated with Brico's products was sent on July 27, 2000.  The first failures of the inner seals occurred on or about July 25, 2006, commensurate with the testing of the inner seals by CDM's Resident Engineer.  See Exhibit H to the Collazo Aff.

18.     In its Complaint, Spiniello further states, "[o]n or about September 11, 2000, Spiniello advised Brico of a preliminary cost impact and damages report resulting from the Brico Seal failure." Complaint at ¶ 32 (Ex. 2).

**Response:**    Spiniello does not contest the contents of its correspondence to Brico dated September 11, 2000, which was sent at Brico's request.


19.    Spiniello sent Brico several letters in 2000 alleging that Brico's seals were deficient.  Affidavit of Brico Vice President Robert J. Card, P.E., ¶ 3 ("Card Affidavit").

**Response:**    Spiniello does not dispute that it sent several letters to Brico beginning in July of 2000 regarding the difficulties, problems, failures and defects associated with Brico's products.


20.    Spiniello's letter of August 28, 2000 to Brico notes that the "deadline for resolution of this seal problem is Friday, September 8, 2000. . ." Card Affidavit, Ex. 1 thereto.

**Response:**    Spiniello does not dispute the substance of its communication to Brico dated August 29, 2000.


21.    Spiniello's letter of September 11, 2000 states that Spiniello has sustained losses due to Brico's "defective seals."  Card Affidavit, Ex. 2 thereto.

**Response:**    Spiniello does not dispute the substance of its communication to Brico dated September 11, 2000.


22.    Spiniello filed the present Complaint on April 9, 2004 in Middlesex Superior Court.

**Response:**    Uncontested.

23.    Spiniello is not making any claim for personal injury or damages to property other than the seals themselves.  Spiniello's Admissions, Nos. 13 – 15 (Ex. 4); Complaint ¶ 56 (Ex. 2).

**Response:**    Spiniello is not claiming losses resulting from personal injury or damage to property other than damages arising from the installation, removal, testing and cost of the defective seals and the resulting delay damages and other losses.


Dated: October 19, 2006                    Respectfully submitted,

                                           **SPINIELLO COMPANIES**

                                           *By its attorneys,*


                                           _____/s/ Jeremy Blackowicz_____
                                           Charles E. Schaub, Jr., BBO #444920
                                           Jeremy Blackowicz, BBO #650945
                                           HINCKLEY, ALLEN & SNYDER, LLP
                                           28 State Street
                                           Boston, MA  02109-1775
                                           (617) 345-9000


## CERTIFICATE OF SERVICE

I, Jeremy Blackowicz, hereby certify that on this 19th day of October 2006, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Thomas C. Federico, Esq.
Morrison Mahoney, LLP
250 Summer Street
Boston, Massachusetts  02110


                                           _____/s/ Jeremy Blackowicz_____

610456                               11