United States District Court
District of Massachusetts

```
_____
                              )
SPINIELLO COMPANIES,          )
      Plaintiff,              )
                              )
      v.                      )    Civil Action No.
                              )    04-11933-NMG
BRICO INDUSTRIES, INC.,       )
      Defendant.              )
                              )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

This matter involves a commercial construction dispute arising from the rehabilitation of a water pipeline. The defendant has filed a motion for summary judgment, which is opposed by the plaintiff. The motion is resolved as follows.

I.  Background

The plaintiff, Spiniello Companies ("Spiniello"), is a utility contractor that performs pipeline rehabilitation. It was retained by the Massachusetts Water Resources Authority ("MWRA") as the general contractor on a pipe rehabilitation project in Newton, Massachusetts, in March, 2000. As part of the project, Spiniello was instructed to install inner seals in the pipeline.

Spiniello retained a separate subcontractor, ODF Contracting Company, Inc. ("ODF"), to install the seals. The seals were purchased from the defendant, Brico Industries, Inc. ("Brico") but ultimately proved to be defective. The dispute at the heart of this case is whether Spiniello, the general contractor, or ODF, the subcontractor, actually purchased the seals from Brico. Spiniello sues for breach of contract but Brico, in its motion for summary judgment, suggests an absence of privity of contract between the parties.

**B.   Procedural History**

The plaintiff originally brought this action in the Massachusetts Superior Court, Middlesex Division, in April, 2004, and the defendant removed to this Court in September, 2004. The defendant filed a motion for summary judgment in October, 2006, which is opposed by the plaintiff.

## II.  Analysis

**A. Legal Standard**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991)(quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

Because the transaction at issue involved the sale of goods, both parties agree that the issue is governed by the Uniform Commercial Code ("UCC"). See M.G.L. c. 106, § 2-102.

### B. Legal Analysis

The complaint states five counts for relief: 1) breach of contract, 2) negligent misrepresentation, 3) negligent design, 4) breach of express and implied warranties and 5) violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A ("Chapter 93A"). The defendant moves for summary judgment on all five counts. The plaintiff stipulates to the dismissal of the negligence claims in Counts II and III but opposes the motion with respect to the claims for breach of contract, breach of warranties and Chapter 93A.

#### 1. Breach of Contract and Warranties

##### a. Existence of Contract

The defendant contends that there was no privity of contract between itself and Spiniello because the actual transaction was between ODF and Brico. Upon review of the submitted memoranda and affidavits, however, the Court finds ample evidence of the existence of an agreement between Spiniello and Brico. The record indicates that Spiniello submitted a purchase order for the subject seals on March 7, 2000, and subsequent communications between the parties refer to that purchase order. When the parties agreed to a partial cancellation of the order after defects were detected, the original purchase order was referenced. Moreover, when Brico's invoices went unpaid, it made demand on Spiniello.

According to the defendant, the sale occurred between Brico and Spiniello's subcontractor, ODF. Indeed, the record contains a purchase order submitted to Brico by ODF but no evidence that such purchase order was ever accepted or fulfilled. Rather, Brico continued to deal directly with Spiniello, shipping products to Spiniello and repeatedly referring to the original purchase order between Spiniello and Brico.

While other documents, including the plaintiff's complaint, refer to ODF as the actual purchaser of the seals, documentary evidence suggests that the contract was actually between Spiniello and Brico. A genuine issue of material fact exists, therefore, as to whether a valid contract was formed between Spiniello and Brico and the defendant's motion for summary judgment will be denied with respect to the contract claim.

### b.   Breach of contract

The defendant also argues that there is no evidence of breach of contract in the record because Brico agreed to provide, and did provide, the number and type of seals specifically requested by Spiniello and/or ODF. The defendant, however, ignores evidence proffered by the plaintiff that the seals failed to pass safety tests performed in accordance with industry standards and Brico's own guidelines. Under the UCC, a seller is obligated to supply goods "conforming" with the obligations under the contract. See M.G.L. c. 106, §§ 2-106, 2-206. The plaintiff

has offered evidence demonstrating that Brico agreed to certain performance and testing requirements and that the subject seals failed to meet those requirements.  Thus, there is record evidence to support a finding of breach of contract based on the defendant's failure to provide conforming goods.

### c. Breach of warranties

The UCC imposes an implied warranty that goods sold for a particular purpose shall be fit for that purpose.  See M.G.L. § 2-315.  With respect to the claims of breach of express and implied warranty (Count IV), the defendant's argument in favor of summary judgment rises or falls on this Court's ruling with respect to the contract claim.  If there was no contract between the parties, the defendant argues, there can be no breach of warranty.  Because there is a genuine issue of fact regarding the existence of a contract, however, the motion for summary judgment will be denied with respect to Count IV.

### 2. Chapter 93A

Count V of the complaint alleges a violation of Chapter 93A, which proscribes unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.  The standard for determining whether conduct in a transaction between two businesses is unfair or deceptive is whether such conduct reaches "a level of rascality" that would raise an eyebrow in someone inured to the rough and tumble of the

world of commerce. Damon v. Sun Co., Inc., 87 F.3d 1467, 1483 (1st Cir. 1996) (quoting Levings v. Forbes & Wallace, Inc., 8 Mass.App.Ct. 498, 504 (1979)). In the commercial context, neither negligence nor breach of contract/warranty, standing alone, establishes liability under Chapter 93A. See Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 400 (2003) (negligence); Jetpac Group v. Bostek, Inc., 942 F.Supp. 716, 721 (D. Mass. 1996) (contract); Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 418 Mass. 737, 743 (1994) (warranty).

The plaintiff purportedly has "reason to believe" that Brico knew that its products were defective from prior experience on MWRA projects and that it withheld such information from Spiniello. The only basis for such an allegation, however, is a bare assertion by counsel in an affidavit. Such assertions or conclusory allegations in an affidavit, without more, are insufficient to withstand a well-pled motion for summary judgment. See Cataldo Ambulance Svs., Inc. v. Chelsea, 426 Mass. 383, 388 (1998). The record is otherwise devoid of evidentiary support for a finding of unfair or deceptive actions and with respect to Count V, the motion for summary judgment will, therefore, be allowed.

## ORDER

In accordance with the foregoing, the defendant's motion for summary judgment (Docket No. 14) is, with respect to Count V, **ALLOWED** but is, in all other respects, **DENIED**.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated August 14, 2007